UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PSYCHEMEDICS CORPORATION,
                   Plaintiff,

v.

LESTER M. CRAWFORD, in his official
capacity as acting commissioner of the
Food and Drug Administration, and
FOOD AND DRUG
ADMINISTRATION,
                   Defendants.

CIVIL ACTION NO.

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

**COMPLAINT**

Introduction

This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§701-706, to compel the production of records relating to dealings between Defendant Food and Drug Administration ("FDA") and Quest Diagnostics Incorporated concerning tests to detect the use of illegal drugs. Defendants violated FOIA by failing to respond timely to a FOIA request made by Plaintiff Psychemedics Corporation ("Psychemedics"). Defendants' violation of the provisions of FOIA is arbitrary, capricious, and an abuse of discretion and constitutes an "agency action unlawfully withheld or unreasonably delayed" within the meaning of the APA.

Parties

1. Plaintiff Psychemedics is a Delaware corporation with its principal place of business in Cambridge, County of Middlesex, Massachusetts.

1

2. Defendant Lester M. Crawford ("Crawford") is the acting commissioner of the FDA. He is sued in his official capacity as the head of that administration.

3. Defendant FDA is an administration in the United States Department of Health and Human Services, with responsibility for regulating drugs marketed in the United States.

## Jurisdiction

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, in that the action arises under the laws of the United States, and 28 U.S.C. §1361, which grants the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Jurisdiction is also found under FOIA, 5 U.S.C. §552(a)(4)(B) and the APA, 5 U.S.C. §§704, 706.

5. Venue lies in the District of Massachusetts pursuant to 28 U.S.C. §1391(e) and 5 U.S.C. §552(a)(4)(B).

## Legal Background

6. FOIA provides that, upon a request for records which "reasonably describes such records" and which is "made in accordance with published rules," federal agencies "shall make the records promptly available." 5 U.S.C. §552(a)(3).

7. FOIA further provides that, upon receiving a FOIA request, a federal agency shall "determine within 20 days… after the receipt of any such request whether to comply with such request and shall immediately notify the person

2

making such request of such determination and the reasons therefor." 5 U.S.C. §552(a)(6)(A)(i).

8. FDA regulations formulated in accordance with FOIA provide that "within 20 working days... after a request for records is logged in... the agency shall send a letter to the requester providing the agency's determination as to whether, or the extent to which, the agency will comply with the request." 21 C.F.R. §20.41(b).

9. The APA provides: "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. §702.

10. The APA further provides that "the reviewing court shall—(1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §706.

Facts

11. On March 1, 2004, Plaintiff, by its attorney Edward S. Brewer, Jr., submitted a FOIA request to the FDA (Exhibit 1) via facsimile and First-Class Mail, seeking the following records and documents:

> Any records of the Food and Drug Administration's dealings with Quest Diagnostics Incorporated during the period March 1, 2001 through February 29, 2004 relating to tests to detect the use of illegal drugs, including without limitation any notes, minutes or other records concerning meetings or discussions involving Daniel Troy, Chief Counsel to the Food and Drug Administration.

The request stated Plaintiff's willingness to pay the cost of processing the request up to $500 and requested that the FDA contact Plaintiff in the event costs would exceed this amount.

12. On March 2, 2004, the FDA sent Plaintiff's attorney a form letter (Exhibit 2) acknowledging receipt of the FOIA request and stating, "we will respond as soon as possible."

13. Having received no further response, Plaintiff's attorney sent a follow-up letter to the FDA on May 25, 2004 (Exhibit 3) via facsimile and First-Class Mail. The letter requested information regarding the status of Plaintiff's FOIA request and stated that no response had been received other than the form letter of March 2, 2004, acknowledging receipt of the request.

14. The FDA did not respond to Plaintiff's letter of May 25, 2004.

15. On July 4, 2004, Plaintiff's attorney sent a second follow-up letter to the FDA (Exhibit 4) via facsimile and First-Class Mail, requesting a response to its FOIA request.

16. The FDA did not respond to Plaintiff's letter of July 4, 2004.

17. To date, the FDA has made no response to Plaintiff's FOIA request other than its form letter of March 2, 2004, acknowledging receipt of the request.

## COUNT I

### (Freedom of Information Act)

18. Plaintiff repeats and restates the allegations contained in paragraphs 1 through 17 of its Complaint as if set forth fully herein.

19. Defendants' failure to respond within 20 working days to Plaintiff's FOIA request is unlawful.

20. Pursuant to 5 U.S.C. §552(a)(6)(C), Plaintiff is deemed to have exhausted its administrative remedies because Defendants failed to comply with the time limit provisions of 5 U.S.C. §552(a)(6)(A)(i) for issuing its determination.

21. Plaintiff has no other adequate remedy at law.

## COUNT II

### (Administrative Procedure Act)

22. Plaintiff repeats and restates the allegations contained in paragraphs 1 through 21 of its Complaint as if set forth fully herein.

23. Plaintiff has been adversely affected and aggrieved by Defendants' failure to respond to its FOIA request.

24. Defendants' failure to respond to Plaintiff's request for documents within the time limit provided by FOIA, 5 U.S.C. §552(a)(6)(A)(i), is made reviewable by 5 U.S.C. §552(a)(6)(C).

25. Defendants' failure to respond to Plaintiff's request for documents within the time limit provided by FOIA, 5 U.S.C. §552(a)(6)(A)(i), constitutes an "agency action unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. §706(1).

26. Defendants' violation of the provisions of FOIA is arbitrary, capricious, and an abuse of discretion within the meaning of the APA, 5 U.S.C. §706(2)(A).

27. Plaintiff has no other adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Declare that withholding of the requested records and documents by Defendants FDA and Crawford is unlawful, specifying Defendant Crawford or his successor in office by name and title;

2.  Order Defendants FDA and Crawford promptly to produce the requested records and documents to Plaintiff, specifying Defendant Crawford or his successor in office by name and title;

3.  Enjoin Defendants FDA and Crawford from withholding the requested records and documents, specifying Defendant Crawford or his successor in office by name and title;

4.  Award Plaintiff its attorneys' fees and costs of suit pursuant to 5 U.S.C. §552(a)(4)(E);

5.  Grant such other and further relief as the Court deems just and equitable.

PSYCHEMEDICS CORPORATION

By its attorneys,

_____
J. Allen Holland, Jr., BBO #546892
LYNCH, BREWER, HOFFMAN & FINK, LLP
101 Federal Street, 22nd Floor
Boston, MA 02110-1800
(617) 951-0800

Dated: August 10, 2004.

6

%JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Psychemedics Corporation

(b) County of Residence of First Listed Plaintiff  **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
J. Allen Holland
Lynch, Brewer, Hoffman & Fink, LLP
101 Federal St., Boston, MA 02110-1800
617-951-0800

## DEFENDANTS

Food and Drug Administration, Lester M. Crawford, Acting Commissioner and Food and Drug Administration

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

04 11762

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☒ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of Freedom of Information Act (5 U.S.C. §552), judicial review of agency action (5 U.S.C. §§701-706).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  8/11/04
SIGNATURE OF ATTORNEY OF RECORD  /s/

FOR OFFICE USE ONLY
RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Psychemedics v. Crawford__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __J. Allen Holland, Jr., Lynch, Brewer, Hoffman & Fink, LLP__
ADDRESS __101 Federal Street, Boston, MA 02110-1800__
TELEPHONE NO. __617-951-0800__

(Coversheetlocal.wpd - 10/17/02)