UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PSYCHEMEDICS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LESTER M. CRAWFORD, in his official capacity as Acting Commissioner of the Food and Drug Administration, and FOOD AND DRUG ADMINISTRATION,<br><br>Defendants. | Civil Action No. 04-11762 NMG |

## ANSWER OF DEFENDANT FOOD AND DRUG ADMINISTRATION

Defendant Food and Drug Administration ("FDA"), by and through its undersigned attorneys, answers the Complaint of plaintiff Psychemedics Corporation as follows:

First Defense

Plaintiff has not alleged a sufficient factual and/or legal basis for its claim for costs and attorneys' fees.

Second Defense

Answering specifically in response to the numbered paragraphs of the complaint, using the same paragraph numbering, FDA states as follows:

Introduction:   The first sentence of the Introduction constitutes plaintiff's characterization of this action, to which no answer should be required.  Insofar as an answer may be deemed required, admitted that this sentence reflects plaintiff's characterization of this action.

FDA further avers that this Court lacks jurisdiction over action pursuant to 5 U.S.C. §§ 701-706. The allegations in the second and third sentences of the Introduction are denied.

1. FDA is without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations in paragraph 1.

2. FDA admits that Lester M. Crawford is the Acting Commissioner of FDA. The second sentence of paragraph 2 states plaintiff's reason for including Dr. Crawford as a defendant in this action, to which no answer is required. Insofar as an answer may be deemed required, denied, and FDA avers that this Court has no jurisdiction over Dr. Crawford in this action.

3. Admitted.

4. Paragraph 4 states a legal conclusion to which no answer is required. Insofar as an answer may be deemed required, admitted that this Court has jurisdiction over this action with respect to FDA pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331, and denied that this Court has jurisdiction under 28 U.S.C. § 1361 and 5 U.S.C. §§ 704, 706. FDA further avers that Dr. Crawford is not a proper party defendant.

5. Paragraph 5 states a legal conclusion to which no answer is required. Insofar as an answer may be deemed required, FDA is without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation in paragraph 5.

6. Paragraph 6 states plaintiff's characterization of 5 U.S.C. § 552(a)(3), to which no answer is required, and this Court is referred to that statute for a complete and accurate statement of its contents. Insofar as a response may be deemed required, denied to the extent the allegations in Paragraph 6 are not consistent with 5 U.S.C. § 552(a)(3).

7. Paragraph 7 states plaintiff's characterization of 5 U.S.C. § 552(a)(6)(A)(i), to which no answer is required, and this Court is referred to that statute for a complete and accurate statement of its contents. Insofar as a response may be deemed required, denied to the extent the allegations in Paragraph 7 are not consistent with 5 U.S.C. § 552(a)(6)(A)(i).

8. Paragraph 8 states plaintiff's characterization of 21 C.F.R. § 20.41(b), to which no answer is required, and this Court is referred to that regulation for a complete and accurate statement of its contents. Insofar as an answer may be deemed required, denied to the extent the allegations in Paragraph 8 are not consistent with 21 C.F.R. § 20.41(b).

9. Paragraph 9 states plaintiff's characterization of 5 U.S.C. § 702, to which no answer is required, and this Court is referred to that statute for a complete and accurate statement of its contents. Insofar as an answer may be deemed required, denied to the extent the allegations in Paragraph 9 are not consistent with 5 U.S.C. § 702. FDA further avers that this Court lacks jurisdiction over this action pursuant to 5 U.S.C. § 702.

10. Paragraph 10 states plaintiff's characterization of 5 U.S.C. § 706, to which no answer is required, and this Court is referred to that statute for a complete and accurate statement of its contents. Insofar as an answer may be deemed required, denied to the extent the allegations in Paragraph 10 are not consistent with 5 U.S.C. § 706. FDA further avers that this Court lacks jurisdiction over this action pursuant to 5 U.S.C. § 706.

11. FDA admits that it received a letter dated March 1, 2004 from plaintiff's attorney, and this Court is referred to that letter for a complete and accurate statement of its contents. FDA denies the allegations in Paragraph 11 to the extent that they are not consistent with the contents of the letter.

12. FDA admits that it sent a letter to plaintiff's attorney dated March 2, 2004, and this Court is referred to that letter for a complete and accurate statement of its contents. FDA denies the allegations in Paragraph 12 to the extent that they are not consistent with the contents of the letter.

13. FDA admits that it received a letter dated May 25, 2004 from plaintiff's attorney, and this Court is referred to that letter for a complete and accurate statement of its contents. FDA denies the allegations of Paragraph 13 to the extent that they are not consistent with the contents of the letter.

14. Admitted, except to deny that the letter was sent by plaintiff; it was sent by plaintiff's counsel.

15. FDA admits that it received a letter dated July 4, 2004 from plaintiff's attorney, and this Court is referred to that letter for a complete and accurate statement of its contents. FDA denies the allegations in Paragraph 15 to the extent that they are not consistent with the contents of the letter.

16. Admitted, except to deny that the letter was sent by plaintiff; it was sent by plaintiff's counsel.

17. Admitted, except to deny that the letter was sent by plaintiff; it was sent by plaintiff's counsel.

18. In response to paragraph 18, FDA incorporates by reference the responses to the allegations in paragraphs 1 through 17 as if set forth fully herein.

19. The allegation in paragraph 19 constitutes legal conclusions to which no answer is required. Insofar as an answer may be deemed to be required, denied.

20. The allegations in paragraph 20 constitute legal conclusions to which no answer is required. Insofar as an answer may be deemed to be required, denied.

21. The allegation in paragraph 21 constitutes legal conclusions to which no answer is required. Insofar as an answer may be deemed to be required, denied.

22. In response to paragraph 22, FDA incorporates by reference the responses to the allegations in paragraphs 1 through 21 as if set forth fully herein.

23. The allegations contained in paragraph 23 constitute legal conclusions to which no answer is required. Insofar as an answer may be deemed to be required, denied.

24. The allegations contained in paragraph 24 constitute legal conclusions to which no answer is required. Insofar as an answer may be deemed to be required, denied.

25. The allegations contained in paragraph 25 constitute legal conclusions to which no answer is required. Insofar as an answer may be deemed to be required, denied.

26. The allegations contained in paragraph 26 constitute legal conclusions to which no answer is required. Insofar as an answer may be deemed to be required, denied.

27. The allegations contained in paragraph 27 constitute legal conclusions to which no answer is required. Insofar as an answer allegations may be deemed to be required, denied.

The remainder of the Complaint constitutes plaintiff's prayer for relief to which no response is required. Insofar as an answer may be deemed to be required, FDA denies that plaintiff is entitled to the relief prayed for in this action or to any relief whatsoever. FDA further specifically denies all of the allegations of the Complaint not previously otherwise answered.

WHEREFORE, having fully responded to the Complaint, FDA prays that:

1. the plaintiff takes nothing by way of its Complaint in this action;

2. the action be dismissed with prejudice; and

3. the Court grant such other and further relief as it may deem appropriate.

                                      Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | MICHAEL J. SULLIVAN<br>United States Attorney |
| ALEX M. AZAR II<br>General Counsel | By: /s/ Mark T. Quinlivan<br>MARK T. QUINLIVAN |
| DANIEL E. TROY<br>Chief Counsel<br>Food and Drug Division | Assistant U.S. Attorney<br>United States Attorney's Office<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 9200 |
| ERIC M. BLUMBERG<br>Deputy Chief Counsel, Litigation | Boston, MA 02210<br>617-748-3606 |
| FREDERICK S. ANSELL<br>Associate Chief Counsel<br>United States Department of Health<br>   and Human Services<br>5600 Fishers Lane<br>Rockville, MD 20857 | |

Dated: October 25, 2004

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing Answer of Defendant Food and Drug Administration, by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

    J. Allen Holland, Jr., Esq.
    Lynch, Brewer, Hoffman & Fink, LLP
    101 Federal Street
    Boston, MA 02110-1800

This 25th day of October 2004.

                                          /s/ Mark T. Quinlivan
                                          MARK T. QUINLIVAN
                                          Assistant United States Attorney