UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| PSYCHEMEDICS CORPORATION, | ) ) ) | Civil Action No. 04-11762 NMG |
| Plaintiff, | ) ) |   |
| v. | ) ) |   |
| LESTER M. CRAWFORD, in his official capacity as Acting Commissioner of the Food and Drug Administration, and FOOD AND DRUG ADMINISTRATION, | ) ) ) ) ) |   |
| Defendants. | ) ) |   |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND TO STRIKE,
AND DEFENDANT CRAWFORD'S MOTION TO DISMISS**

Plaintiff Psychemedics Corporation filed the instant action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, to compel the production of documents relating to dealings between defendant Food and Drug Administration ("FDA") and Quest Diagnostics Incorporated concerning tests to detect the use of illegal drugs.  For the reasons set forth below, Count II of plaintiff's Complaint, which alleges a cause of action under the APA, should be dismissed because there exists an adequate alternate remedy under the FOIA.  For the same reason, this Court also lacks jurisdiction under the mandamus statute, 28 U.S.C. § 1361.  Finally, defendant Lester M. Crawford, Acting Commissioner of FDA, should be dismissed because he is not a proper party defendant in a FOIA action.

I.  **PLAINTIFF'S APA CAUSE OF ACTION MUST BE DISMISSED BECAUSE THE FOIA PROVIDES AN ADEQUATE ALTERNATIVE REMEDY**

Count II of plaintiff's Complaint pleads a cause of action under the APA.  See Complaint ¶¶ 22-27.  The APA limits judicial review, however, to agency action "for which there is no other adequate remedy in a court . . . ."  5 U.S.C. § 704.  As the Supreme Court has made clear, when it enacted § 704, "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."  Bowen v. Massachusetts, 487 U.S. 879, 903 (1988).  Thus, under § 704, "federal courts lack jurisdiction over APA challenges whenever Congress has provided another 'adequate remedy.'"  Brem-Air Disposal v. Cohen, 156 F.3d 1002, 1004 (9th Cir. 1998).

Here, plaintiff's APA cause of action is precluded because the FOIA provides both an express cause of action and an equitable remedy for plaintiff's claims.  See Essential Information, Inc. v. USIA, No. 96-1194 (NHJ), 1996 WL 968472, * 4 (D.D.C.  Nov. 27, 1996) (dismissing APA cause of action under § 704 because "the FOIA provides an express cause of action and an equitable remedy for plaintiffs' claims"), aff'd, 134 F.3d 1165 (D.C. Cir. 1998).  See also Godwin v. Secretary of HUD, 356 F.3d 310, 312-13 (D.C. Cir. 2004) ("We agree with the Secretary that the private action authorized by [Fair Housing Act] section 813 constitutes an adequate alternative remedy, rendering judicial review unavailable under the APA."); Brem-Air Disposal, 156 F.3d at 1005 ("Because the [Resource Conservation and Recovery Act] citizen-suit provision constitutes an 'adequate remedy,' we lack jurisdiction to review Brem-Air's claim under the APA.").  Count II of plaintiff's complaint therefore must be dismissed.

## II.  MANDAMUS JURISDICTION IS LACKING

Although plaintiff does not plead a cause of action pursuant to the mandamus statute, 28 U.S.C. § 1361, plaintiff does invoke that statute as a basis for jurisdiction in this Court. See Complaint ¶ 4.  This Court lacks mandamus jurisdiction.  The mandamus statute provides a remedy only when a litigant has "exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  Heckler v. Ringer, 466 U.S. 602, 616 (1984).  In other words, "mandamus is appropriate only when no other adequate means of obtaining the desired relief exists."  Pontarelli v. Stone, 978 F.2d 773, 775 n.2 (1st Cir. 1992).  Here, as with plaintiff's APA claim, because the FOIA provides both an express cause of action and an equitable remedy for plaintiff's claims, mandamus jurisdiction is lacking.  See, e.g., Cullinane v. Arnold, No. SA CV 97-77 GLT(EEX), 1998 WL 241510, * 2 (C.D. Cal. March 30, 1998) ("Here, Plaintiff has an adequate remedy at law in the form of a [FOIA] claim.  Therefore, since there is a proper avenue of relief, a mandamus claim is improper."); Mallick v. Usery, 427 F. Supp. 964, 966 (W.D. Pa. 1977) (same).  Plaintiff's invocation of the mandamus statute therefore should be stricken.

## III.  DEFENDANT CRAWFORD IS NOT A PROPER PARTY DEFENDANT IN A FOIA ACTION

Congress vested the federal courts in FOIA actions with "jurisdiction to enjoin the *agency* from withholding agency records improperly withheld from complainant."  5 U.S.C. §552(a)(4)(B) (emphasis added).  Congress defined the term "agency" in the statute to include "any executive department . . . or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency."  5 U.S.C. § 552(f).

It therefore is well settled that a FOIA action "may be brought only against a federal agency, not against individuals or the government itself." Weberman v. National Security Agency, 490 F. Supp. 9, 10 (S.D.N.Y. 1980). Accord Williams v. McCausland, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992); Whittle v. Moschella, 756 F. Supp. 589, 596 (D.D.C. 1991); Providence Journal Co. v. FBI, 460 F. Supp. 778, 783 n.2 (D.R.I.), *rev'd on other grounds*, 602 F.2d 1010 (1st Cir.), *cert. denied*, 444 U.S. 1071 (1980). Accordingly, defendant Crawford should be dismissed from this action because he is not a proper party defendant.

## CONCLUSION

For the foregoing reasons, plaintiffs' APA cause of action set forth in Count II of its Complaint should be dismissed; plaintiff's invocation of the mandamus statute should be stricken; and defendant Crawford should be dismissed as an improper party defendant.

                                                Respectfully submitted,

| | |
|---|---|
| OF COUNSEL: | MICHAEL J. SULLIVAN<br>United States Attorney |
| ALEX M. AZAR II<br>General Counsel | By: /s/ Mark T. Quinlivan<br>MARK T. QUINLIVAN |
| DANIEL E. TROY<br>Chief Counsel<br>Food and Drug Division | Assistant U.S. Attorney<br>United States Attorney's Office<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 9200 |
| ERIC M. BLUMBERG<br>Deputy Chief Counsel, Litigation | Boston, MA 02210<br>617-748-3606 |
| FREDERICK S. ANSELL<br>Associate Chief Counsel<br>United States Department of Health<br>   and Human Services<br>5600 Fishers Lane<br>Rockville, MD 20857 | |

Dated: October 25, 2004